UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ALEKSANDR KRAVETS,

    Petitioner,

v.

WARDEN J. HOLLINGSWORTH,

    Respondent.

Civ. No. 16-1162 (RBK)

**OPINION**

## I. INTRODUCTION

Petitioner was formerly a federal prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner has also filed a motion to amend his habeas petition. For the following reasons, the habeas petition will be denied as moot and his motion to amend will be denied.

## II. BACKGROUND

Petitioner initially filed his habeas petition *pro se* while he was a federal prisoner. This original habeas petition challenges the result of a positive urine sample taken on December 14, 2015, and the subsequent disciplinary proceedings that took place as a result of this positive test. At the time of the urine test, petitioner was housed at a residential re-entry center ("RRC"). Petitioner tested positive for marijuana. Thereafter, petitioner was transferred from the RRC to a federal prison, MDC-Brooklyn. Disciplinary proceedings then commenced against petitioner as a result of the positive test. Petitioner was found guilty of committing the prohibited act of use of narcotics or related paraphernalia in those proceedings. Petitioner lost forty days of good conduct time and twenty days of non-vested good conduct time as sanctions. The Regional Director

denied petitioner's appeal. At the time the respondent answered the habeas petition, a response from the Federal Bureau of Prisons ("BOP") Central Office had not yet become due.

Respondent filed a response in opposition to the habeas petition. In responding to the habeas petition, respondent argues as follows:

1. The petition should be dismissed because petitioner failed to fully exhaust administrative remedies.
2. Petitioner's disciplinary hearing fully comported with due process.
3. The disciplinary decision meets the evidentiary standard required to find that petitioner committed the charged offense.
4. The sanction imposed was within the range of available sanctions.
5. The Court lacks jurisdiction over any challenge to petitioner's conviction and sentence.

Petitioner did not file a reply brief in support of his original habeas petition. However, several months after respondent filed its response in opposition to the habeas petition, counsel entered an appearance on petitioner's behalf. Petitioner then filed a motion to amend the habeas petition. In his motion, petitioner seeks to add a habeas claim that challenges his expulsion from the Residential Drug Abuse Program ("RDAP") that occurred as a result of the disciplinary finding. Respondent filed a response in opposition to the motion to amend.

Subsequently, it came to the attention of this Court that petitioner was released from federal incarceration on November 9, 2016. *See https://www.bop.gov/inmateloc/* (last visited on May 23, 2017). Accordingly, on April 24, 2017, this Court issued an order to show cause on petitioner why his habeas petition and motion to amend should not be denied as moot in light of his release from federal incarceration. Petitioner never responded to the order to show cause.

## III.    DISCUSSION

A. <u>Habeas Petition</u>

Petitioner challenges his disciplinary proceedings that resulted in the loss of good time credits in his original habeas petition. As noted above, this Court issued an order to show cause on petitioner why his habeas petition should not be dismissed as moot in light of his release from federal incarceration in November, 2016.

Article III of the Constitution "'requires that a plaintiff's claim be live not just when he first brings the suit but throughout the entire litigation, and once the controversy ceases to exist the Court must dismiss the case for lack of jurisdiction." *Moncrieffe v. Yost,* 397 F. App'x 738, 739 (3d Cir. 2010) (quoting *Lusardi v. Xerox Corp.,* 975 F.2d 964, 974 (3d Cir. 1992)). The issue of whether petitioner's habeas petition is moot was properly raised by this Court *sua sponte* in light of his release from federal prison. *See Chong v. Dist. Dir., Immigration and Naturalization Serv.,* 264 F.3d 378, 383 (3d Cir. 2001) ("Although the parties did not raise the case or controversy issue in their original briefs, we must resolve the issue because it implicates our jurisdiction.") (citing *St. Paul Fire & Marine Ins. Co. v. Barry,* 438 U.S. 531, 537 (1978); *Rogin v. Bensalem Twp.,* 616 F.2d 680, 684 (3d Cir. 1980)); *Steele v. Blackman,* 236 F.3d 130, 134 n. 4 (3d Cir. 2001) (noting that the court is raising mootness of denial of habeas petition *sua sponte* because it is required to raise issues of standing if such issues exist); *Perez v. Zickefoose,* No. 12–5300, 2014 WL 47727, at *1 (D.N.J. Jan.7, 2014) (raising the issue of whether a habeas petition is moot *sua sponte* ) (citations omitted).

In this case, petitioner's claim in his original habeas petition relates to the execution of his sentence that he has since completed. His claim challenges the prison disciplinary finding that resulted in the loss of good time credits. It "became moot upon his release unless he can

demonstrate some 'collateral consequence' that persists beyond the sentence's expiration and is likely to be redressed by a favorable decision." *Scott v. Holt*, 297 F. App'x 154, 155 (3d Cir. 2008) (citing *Spencer v. Kemma*, 523 U.S. 1, 7 (1998)).

This Court gave petitioner the opportunity to present any "collateral consequences" remaining with respect to his loss of good time credits upon his release from his federal sentence. *See Burkey v. Marberry*, 556 F.3d 142, 150 (3d Cir. 2009) (noting that it is petitioner's burden to show that collateral consequences exist). However, petitioner failed to respond to the order to show cause. Indeed, petitioner

> cannot show some concrete and continuing injury from the loss of good time credits. Good time credits do not function as a commutation of a sentence. Rather, "the only function of good time credits is to determine when, in the absence of parole, the prisoner is to be conditionally released on supervision. Once an offender is conditionally released from imprisonment, the good time earned during that period is of no further effect."

*Scott*, 297 F. App'x at 156 (quoting 28 C.F.R. § 2.35(b)) (citing 28 C.F.R. § 523.2(c)). Accordingly, his challenge to his prison disciplinary proceeding that resulted in the loss of good time credits is now moot.

Additionally, while it does not appear that petitioner is challenging his underlying federal conviction and sentence in his habeas petition, for purposes of completeness in light of the fact that respondent raises it as a potential issue, this Court will also analyze such a claim. Even if petitioner were in fact raising such a challenge in this § 2241 habeas action, this Court would be without jurisdiction to consider such a challenge.

Generally, a challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. *See Jackman v. Shartle*, 535 F. Appx. 87, 88 (3d Cir. 2013) (citing *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)). This is generally true because §

2255 prohibits a district court from entertaining a challenge to a prisoner's federal sentence through § 2241 unless the remedy under § 2255 is "inadequate or ineffective." *See* 28 U.S.C. § 2255(e). Indeed, § 2255(e) states that:

> [a]n application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such a court has denied him relief, unless it also appears that the remedy by the motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). A § 2255 motion is "inadequate or ineffective," which permits a petitioner to resort to a § 2241 petition, "only where the petitioner demonstrates that some limitation or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002) (citations omitted). However, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of ...§ 2255." *Cradle*, 290 F.3d at 539 (citations omitted). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Id.* at 538 (citation omitted). "The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." *Id.* at 539 (citing *In re Dorsainvil*, 119 F.3d 245, 251–52 (3d Cir. 1997)).

In *Dorsainvil*, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241, where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate[.]" 119 F.3d at 251. Nevertheless, the Third

Circuit emphasized that its holding was not suggesting that a § 2255 motion was "inadequate or ineffective" merely because a petitioner is unable to meet the strict gatekeeping requirements of § 2255. *See id.* The "safety valve," as stated in *Dorsainvil*, is a narrow one and has been held to apply in situations where the prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law. *See Okereke*, 307 F.3d at 120 (citing *Dorsainvil*, 119 F.3d at 251).

Petitioner does not allege facts which bring him within the *Dorsainvil* exception. His claims do not allege that he had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate. Thus, this Court would be without jurisdiction to consider a challenge to his underlying criminal conviction and sentence in this § 2241 action.[1]

B. <u>Motion to Amend</u>

Petitioner has also filed a motion to amend his habeas petition. He seeks to add a claim related to his expulsion from the RDAP as a result of his prison disciplinary guilty finding. Respondent opposes the motion to amend. Petitioner did not file a reply brief in support of his motion to amend.

While Federal Rule of Civil Procedure 15 states that leave to amend should be freely given, the motion may be denied where there is undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment. *See Grayson v. Mayview State Hosp.,* 293 F.3d 103, 108 (3d

---

[1] Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed." 28 U.S.C. § 1631. It is not in the interest of justice to transfer this petition to the United States District Court for the Southern District of New York as a § 2255 motion.

Cir. 2002) (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962); *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1434 (3d Cir. 1997)).

Petitioner's motion to amend will be denied due to futility. Due to his release from federal incarceration, it does not appear that petitioner is now eligible for the RDAP such that this claim is now moot. *See, e.g., Sherrill v. Ebbert*, No. 15-2336, 2016 WL 4945285, at *2 (M.D. Pa. Sept. 16, 2016) (dismissing habeas petition as moot that challenged BOP's decision that petitioner could not participate in the RDAP because petitioner had been released from federal incarceration); *see also Williams v. Fed. Bureau of Prisons*, No. 07-5644, 2010 WL 148200, at *3 (C.D. Cal. Jan. 9, 2010) ("[B]ecause petitioner is no longer serving his prison term and consequently cannot take part in the RDAP, there is no apparent relief that the Court can provide. The Court finds that petitioner's failure to avail himself of the RDAP, and his subsequent release from prison, renders his claim moot.") (citation omitted); *Gore v. Fondren*, No. 07-4425, 2008 WL 4787652, at *4-5 (D. Minn. Oct. 31, 2008). Furthermore, to reiterate, petitioner did not respond to the order to show cause to indicate that collateral consequences continues to exist.[2] Therefore, his motion to amend will be denied because the claim raised in that motion is moot.

## IV. CONCLUSION

For the foregoing reasons, petitioner's habeas petition and motion to amend his habeas petition are denied. An appropriate order will be entered.

DATED: May 30, 2017

s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge

---

[2] While not raised as an issue by petitioner, it is worth noting that the Third Circuit has also stated that delayed commencement of supervised release is insufficient for collateral consequences purposes given a petitioner's release from BOP custody. *See Burkey*, 556 F.3d at 149.